**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAROSLAV FECKO, a.k.a. Jaroslau Fecko, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-74594 <br><br> Agency No. A095-624-927 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014[**]

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Jaroslav Fecko, a native and citizen of Slovakia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the BIA's finding that the harm Fecko experienced, even considered cumulatively, did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006); *see also Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) ("Although a reasonable factfinder *could* have found [these incidents constituted] past persecution, we do not believe that a factfinder would be compelled to do so.") (emphasis in original). In addition, with regard to the 1984 events, substantial evidence also supports the conclusion that Fecko failed to demonstrate a well-founded fear of persecution. *See Gu*, 454 F.3d at 1022. Further, with regard to the 1994 extortion, substantial evidence supports the BIA's determination that Fecko failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). Fecko's contention that the agency ignored country conditions evidence fails because he has not overcome the presumption that the agency reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). Thus, Fecko's withholding of removal claim fails.

08-74594

Substantial evidence also supports the BIA's denial of Fecko's CAT claim because he failed to show it is more likely than not he would be tortured in Slovakia by or with the consent or acquiescence of the government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**